# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| STATE OF WASHINGTON, | No. 54175-1-II |
| --- | --- |
| Respondent, | |
| v. | |
| K.L.O., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — KLO appeals her adjudication for possession of 40 grams or less of marijuana while under 21 years of age. She argues that the juvenile court erred by denying her motion to suppress marijuana evidence found in her backpack after her mother searched it in the presence of law enforcement. We disagree and affirm.

## FACTS

In June 2019, Stephanie McGraw reported her teenage daughter, KLO, to law enforcement alleging KLO had returned home intoxicated after sneaking out. Cowlitz County Deputy Sheriff Cory Parker was dispatched to McGraw's home where he found KLO asleep in her bed. Deputy Parker did not think KLO appeared intoxicated. McGraw pointed to a backpack in KLO's room and told Deputy Parker that KLO had packed it to run away again. Deputy Parker told McGraw she could take away KLO's backpack and cellphone if she wanted to. McGraw grabbed KLO's backpack and began to empty it. While emptying the backpack, McGraw removed a small glass container containing what appeared to be a small amount of marijuana. McGraw told Deputy Parker that she wanted him to charge KLO for the possession.

Following this incident, the State charged KLO with one count of possession of 40 grams or less of marijuana while under 21 years of age.

KLO moved to suppress the marijuana collected from her backpack under CrR 3.6 arguing that her mother's search of her backpack constituted an unlawful warrantless search at the direction of law enforcement. McGraw and Deputy Parker testified at the CrR 3.6 hearing. McGraw testified that she called law enforcement and wanted to have KLO arrested. She could not recall what time of day she called or the details of her conversation with Deputy Parker about marijuana being in KLO's backpack.

Deputy Parker testified that he told McGraw that she did not need to provide KLO with "any of the niceties of life," and could take away things other than the essentials such as food, water, shelter, clothing, and medical aid. Verbatim Report of Proceedings (VRP) at 19. He testified that McGraw pointed to KLO's cell phone and backpack and said, "Look, she has a backpack packed, ready to run away again," and he told her she could take that away. VRP at 19. Deputy Parker explained, "I didn't tell her to search it. I told her she could take it. I mean, it's very clearly her house and her belongings, so she can do what she chooses with them." VRP at 20. He did not recall having any reason to believe there would be anything illegal in the backpack. Deputy Parker testified that he was standing at the foot of KLO's bed and was getting ready to leave when McGraw began searching the backpack. He recalled, "She grabbed the backpack and just started pulling things out of it. She pulled out clothing, and then she pulled out the vial of suspected marijuana, which she threw on the bed." VRP at 20.

Following the CrR 3.6 hearing, the juvenile court entered written findings and conclusions as follows denying KLO's motion to suppress. The juvenile court found McGraw's

testimony not credible, pointing to her inability to remember details of the incident including the time of day it occurred or the details of her conversation with Deputy Parker. When Deputy Parker arrived in KLO's bedroom he became concerned about her safety because KLO had taken a sleeping pill and potentially had consumed alcohol. When McGraw pointed out KLO's backpack and cell phone and told him she was concerned KLO was going to run away, Deputy Parker told McGraw that she could take away KLO's backpack and cell phone if she wanted to. McGraw then grabbed the backpack and began pulling things out of it without any direction or prompting from Deputy Parker.[1] McGraw pulled a glass jar containing what appeared to be marijuana out of KLO's backpack while Deputy Parker was standing in the bedroom. McGraw told Deputy Parker she wanted KLO arrested, but Deputy Parker determined that KLO did not meet the points or criteria for being taken into custody.

Based on these findings, the juvenile court concluded that Deputy Parker was in KLO's room at the time of McGraw's search so he knew it was happening but that there was no evidence he was doing anything other than getting ready to leave. The juvenile court also concluded:

> 2. The search was not done at Deputy Parker's direction or assistance. It appears the mother decided what she was going to do, and did it without any further thought from anyone. The search was done to further the mother's own ends with wanting help for her daughter who she believed was intoxicated and was going to run away again.
>
> 3. Ms. McGraw was a private party searching the backpack of her minor daughter in her own home without any prompting from the government agent Deputy Parker to do the search.

---

[1] KLO assigns error to this finding of fact.

4. Deputy Parker did not acquiesce in any way to the conduct of Ms. McGraw. The court would be speculating to conclude otherwise.

Findings of Fact and Conclusions of Law: Stipulated Trial (Ex. A, at 16). Accordingly, the juvenile court denied KLO's motion to suppress the marijuana evidence.

The parties proceeded to a stipulated fact-finding hearing based on the police reports. The juvenile court found KLO guilty of possession of 40 grams or less of marijuana while under 21 years of age.

KLO appeals her adjudication and disposition.

ANALYSIS

KLO argues that the juvenile court erred by denying her motion to suppress. We disagree.

The Fourth Amendment to the United States Constitution prohibits warrantless searches. *State v. Froehlich*, 197 Wn. App. 831, 837, 391 P.3d 559 (2017). However, the Fourth Amendment does not apply to intrusions by a private person unless that person is acting as a government agent. *State v. Krajeski*, 104 Wn. App. 377, 382-83, 16 P.3d 69 (2001). Two factors are critical for determining whether a private person is acting as a government agent: "(1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends." *Krajeski*, 104 Wn. App. at 383.

We review whether the trial court's challenged written findings from a suppression hearing are supported by substantial evidence. *Froehlich*, 197 Wn. App. at 837. Unchallenged findings are verities on appeal. *State v. Piatnitsky*, 170 Wn. App. 195, 221, 282 P.3d 1184 (2012), *aff'd* 180 Wn.2d 407 (2014). Evidence is substantial if it is enough to persuade a fair-

minded person of the truth of the stated premise. *Froehlich*, 197 Wn. App. at 837. We do not review the trial court's credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). A trial court's determination that a search did not violate the Fourth Amendment because it was a private search is a legal conclusion that we review de novo. *Krajeski*, 104 Wn. App. at 382.

KLO assigns error only to the juvenile court's finding of fact 11 which states, "Ms. McGraw then grabbed the backpack and without any direction or prompting from Deputy Parker, began to pull things out of the backpack." Findings of Fact and Conclusions of Law: Stipulated Trial (Ex. A, at 15). Deputy Parker testified that he told McGraw she could take KLO's backpack and other things away but that he did not tell McGraw to search the backpack. Deputy Parker testified that he had no reason to believe the bag contained anything illegal and was preparing to leave when McGraw began searching the backpack on her own volition. McGraw could not remember the details of her conversation with Deputy Parker about the backpack. Substantial evidence supported this challenged finding of fact that McGraw searched the backpack without direction or prompting from Deputy Parker.

In addition, the juvenile court's findings support the court's conclusions of law that McGraw's search was legal under the Fourth Amendment. Although Deputy Parker was in the room when McGraw searched the backpack, the juvenile court found that he was primarily concerned about KLO's safety after having taken a sleeping pill and potentially having consumed alcohol. Deputy Parker did not encourage McGraw's search and determined that KLO did not meet the criteria for being taken into detention. The findings show that while Deputy Parker knew of McGraw's search of the backpack, he did not acquiesce in McGraw's

search and that McGraw searched KLO's backpack to further her own ends. Accordingly, McGraw was not acting as a government agent when she searched KLO's backpack and the search was not unlawful under the Fourth Amendment.

Therefore, we hold that the juvenile court did not err in denying KLO's suppression motion.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Le , C.J.

Veljacic, J.